**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FELIX SEBASTIAN OROZCO
TORRES,

      *Petitioner,*

v.                                  Case No. 3:26-cv-646-TJC-LLL

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, et al.,

      *Respondents.*

_____/

## TEMPORARY RESTRAINING ORDER

Petitioner, an immigration detainee from Cuba, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming his Fifth Amendment due process rights are violated by his prolonged detention pursuant to 8 U.S.C. § 1225(b)(2)(A), that by denying him a prompt hearing before a neutral decision maker, he is being denied due process, and that he is being subjected to punitive conditions of confinement. See Doc. 1 (Petition) at VI. Petitioner also filed an emergency motion for a temporary restraining order seeking to prevent his transfer outside the district or removal from the United States while his habeas petition remains under review (Doc. 3), a motion for immediate release (Doc. 4), a motion to expedite consideration of his petition (Doc. 5), and a motion for stay of removal (Doc. 6).

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Considering the allegations in the Motions and Petition, the Court finds that Orozco Torres has shown a substantial likelihood of success on his claim that his continued detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful, and that a temporary restraining order to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429

2

(11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Orozco Torres's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case, and if he is ultimately granted the relief he seeks (release from ICE custody), he may incur costs and potentially face difficulties in returning home. The exigency of Orozco Torres's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from removing Orozco Torres from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Orozco Torres provide security under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

However, because temporary restraining orders are meant to maintain the status quo rather than grant most or all of the substantive relief requested in a petition, see, e.g., Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982), the Court denies Orozco Torres's motion for immediate release (Doc. 4).

Accordingly, it is **ORDERED**:

1.     Petitioner's motion for a temporary restraining order (Doc. 3) is **GRANTED** to the extent that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are **ENJOINED** from removing Orozco Torres from the Middle District of Florida up to and including on **April 14, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived. The Motion is **DENIED** in all other respects.

2.     Petitioner's motion for immediate release (Doc. 4) is **DENIED**; his motion to expedite consideration (Doc. 5) is **GRANTED** to the extent stated in this Order; his motion for stay of removal (Doc. 6) is **MOOT** because the Court is ordering that he not be transferred from this jurisdiction.

3.     The **Clerk of Court** shall send a copy of the Petition (Doc. 1), Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 3) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Warden or Facility Director, North Florida Detention Center, 20706 U.S.

Highway 90 West, Sanderson, Florida 32087. All costs of service shall be advanced by the United States.

4.      Upon consideration of the file, the Court will consolidate the resolution of the request for injunctive relief with an adjudication of the Petition on the merits.  See Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). Therefore, no later than **5:00 p.m. on April 7, 2026**, Respondents shall respond to the construed request for a preliminary injunction and show cause why the Petition should not be granted. (The Court will entertain a request for a brief extension of the Respondents' deadline to respond if they agree to a concomitant extension of the TRO.)

5.      If Petitioner is released from custody during the pendency of this action, Respondents must file a notice to advise the Court within **3 days**.

**DONE AND ORDERED** in Jacksonville, Florida, on March 31st, 2026, at 4:30 p.m.

MARCIA MORALES HOWARD
United States District Judge

On behalf of
The Honorable Timothy J. Corrigan
Senior United States District Judge

5

s.
copies:

Respondents as ordered above

Felix Sebastian Orozco Torres, A# 244 251 278
Florida Baker Correctional Institution
20706 US 90 W
Sanderson, FL 32087

6